1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ANDRE BUTLER,** | **CV F 02-6398 AWI WMW P** |
| **Plaintiff**, | **ORDER ON DEFENDANT'S MOTION TO DISMISS** |
| **v.** | |
| **GAIL LEWIS, et. al.,** | (Document No. 36) |
| **Defendants**. | |

Plaintiff Andre Butler ("Plaintiff") is a state prisoner in the custody of the California Department of Corrections at Pelican Bay State Prison[1] proceeding pro se and seeks relief pursuant to 42 U.S.C. § 1983.  The events that give rise to this lawsuit occurred at Pleasant Valley State Prison in Coalinga, California.  Plaintiff brings this action against the Director of the California Department of Corrections, the Warden at Pleasant Valley State Prison, and various correctional officials employed by the Department of Corrections at Pleasant Valley ("Defendants").  This action stems from a physical confrontation between two groups of inmates on September 5, 2002.  Pending before the court is Defendants' motion to dismiss for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e, the Prisoner Litigation Reform Act.  For the reasons that follow, Defendants's motion will be granted.

---

[1] The docket indicates plaintiff's address at Pelican Bay.  Defendants note that plaintiff is currently a parolee.  Pursuant to Local Rule 83-183(b), a party appearing in propria persona is required to keep the court apprised of his or her current address at all times.

**Plaintiff's Allegations**

From the Second Amended Complaint, Plaintiff, an African American inmate, was attacked, along with other African American inmates, by a group of Southern Hispanic inmates. Plaintiff alleges that the African American inmates suffered various disciplinary actions as a result, although "it was known" that the Southern Hispanic inmates were armed, and the African American inmates were defending themselves.

Plaintiff specifically alleges that in the month prior to the incident, racial disparities existed in the assignment of work duties. The disparity created by "staff employees" created tension, and resulted in numerous fights, and refusals of inmates to work in that area. This tension was reported to Sergeant Corley (not named as a defendant in this action).

The incident at issue occurred in the early morning of September 5, 2002. As plaintiff's describes it, "a fight erupted between Southern Hispanic inmates and Black inmates in C-yard kitchen/dining area, resulting in C-yard being lock-down on modified program until 1330 hours." Plaintiff alleges that the lock-down was discontinued prematurely. Plaintiff contends that the premature resumption of normal program created a false sense of security.

Plaintiff alleges that once the inmates were released to the yard, inmates were negligently allowed to be congregate in groups larger than 5 inmates. Plaintiff states that Defendants Ladd, Quezada and Ferdando "did absolutely nothing" to disperse the inmates. Plaintiff alleges that Defendants negligently requested assistance from their supervisors after the riot erupted.

Plaintiff alleges that efforts to stop the fight were ineffective. Plaintiff contends that the verbal commands to stop were ineffective, as was the effort to use "long range less than lethal" weapons. Plaintiff specifically alleges that Defendant Feige recklessly discharged a chemical weapon, and that the discharged rounds were ineffective. Plaintiff contends that staff was inadequately prepared to stop a riot before it occurred. Plaintiff contends that he sustained injury to his knees, elbows and hands during the riot.

In essence, Plaintiff seeks monetary damages under 42 U.S.C. § 1983 against Defendants

for failing to prevent a riot and for failing to protect him during the riot.  Defendants move to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b) for failure to exhaust available administrative remedies prior to filing suit.

## **Legal Standard**

To warrant relief under the 42 U.S.C. § 1983, a plaintiff must allege and show that defendant's acts or omissions caused the deprivation of his constitutionally protected rights.  <u>Leer v. Murphy</u>, 844 F.2d 628, 633 (9th Cir. 1993).  In order to state a claim under § 1983, a plaintiff must allege that: (1) a person was acting under color of state law at the time the complained of act was committed; and (2) that person's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States.  <u>Paratt v.Taylor</u>, 451 U.S. 527, 535 (1981).

On April 26, 1996, the Prison Litigation Reform Act ("PLRA") was enacted.  Section 7 of the Act amended 42 U.S.C. 1997e(a) to read as follows:

> (a) APPLICABILITY OF ADMINISTRATIVE REMEDIES.  No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983) or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

On May 29, 2001, the United States Supreme Court decided <u>Booth v. Churner</u>,532 U.S. 731 (2001).  In addressing the question of whether a prisoner needs to exhaust available remedies when monetary damages are unavailable, the Supreme Court held that "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." <u>Id</u>. at 741.  Thus, in order to bring a claim in federal court regarding prison conditions, the PLRA requires a prisoner to exhaust his available administrative remedies.  <u>Porter v. Nussle</u>, 534 U.S. 516, 524 (2002); <u>Booth</u>, 532 U.S. at 739-41.

The proper method for raising a prisoner's failure to exhaust administrative remedies under the PLRA is through "an unenumerated 12(b) motion rather than a motion for summary

1   judgment." <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir. 2002).  "In deciding a motion to

2   dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings

3   and decide disputed issues of fact."  <u>Id.</u> at 1119-20.  Where the prisoner has not exhausted

4   nonjudicial remedies, the proper resolution is dismissal without prejudice.  <u>Id.</u> at 1120.

5          In California, there are four levels of review - informal level, first formal level, second

6   formal level, and third formal level; the third formal level constitutes the Director's decision on

7   appeal.  <u>See</u> <u>Barry v. Rattelle</u>, 985 F.Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs.

8   Tit. 15, § 3084.5(e)(2)); Declaration of Nola Gannis at ¶¶ 4-5.

9                                    **<u>Defendant's Motion</u>**

10         Defendants argue that Plaintiff filed no complaints or appeals regarding the claims made

11  in this lawsuit.  Defendants support their motion with the declaration of defense counsel, Alvin

12  Gittisriboongul.  Mr. Gittisriboongul declares the following:

13             In the capacity as the defense counsel for the Defendants in this
               action, the California Department of Corrections (CDC) has
14             provided me with copies of relevant documents from inmate Andre
               Butler's (P-84515) central file. Attached hereto as Exhibit A is a
15             true and correct copy of the affidavit signed on March 14, 2005, by
               the Correctional Case Records Analyst, who is a duly authorized
16             custodian of records for the records on file pertaining to inmate
               Butler.
17
               I have thoroughly reviewed the documents provided by CDC from
18             inmate Butler's central file. Said documents include inmate
               Butler's appeal records for the relevant period alleged in his federal
19             lawsuit.

20             A review of the Inmate Butler's appeal records show no appeals
               against Defendants DeFrance, Fernando, Ladd, McGhee, or
21             Quezada. Moreover, there are no appeals that even mention any of
               the Defendants or claims against CDC staff for failing to prevent a
22             riot or protect inmate Butler from attack.

23             The only grievances filed by Plaintiff that pertain to the riot are
               Log Nos. PVSPS- 02-02583 and PVSP-B-03-01152. Both of these
24             grievances concern allegations that Plaintiff's due process rights
               were violated during his disciplinary hearing for participating in
25             the riot.

26             A true and correct copy of Inmate Butler's appeal Log No. PVSP-
               S-02-02583 is attached hereto as Exhibit B and a true and correct
27

28                                            4

copy of Inmate Butler's appeal Log No. PVSP-B-03-01152 is
attached hereto as Exhibit C.

Declaration of Alvin Gittisriboongul, ¶¶ 2-6.

Defendants also submit the declaration of Nola Grannis, the Chief of Inmate Appeals.
Grannis's declaration indicates that a search of the Inmate Appeals Branch's records discloses no
appeal request for a third level decision on any claim involving the officers named in this case or
any incident involving Pleasant Valley State Prison staff failing to protect Plaintiff in or around
September of 2002.  Declaration of Nola Grannis at ¶ 8.

Regarding the grievances that Plaintiff did file, there is no record of a request for a third
level decision on appeal log number PVSP-B-03-01152.  Id. at ¶ 9.  As to appeal log number
PVSP-S-02-02583, there was a request, but it was "screened out our canceled on March 11,
2003.  Hence, the merits of that appeal were never considered at the third level."  Id. at ¶ 10.

Exhibit B to the Gittisriboongul declaration is a copy of appeal number 02-02583.  In that
grievance, plaintiff is challenging the process at his disciplinary hearing.  Specifically, plaintiff
challenges the denial of his request to call Sergeant Spradling (not a defendant) as a witness.
There is no mention of the conduct of any of the defendants in this action.

Plaintiff has filed no opposition or response to Defendants's motion.

## Resolution

The declarations and exhibits submitted by Defendants show that Plaintiff failed to
exhaust his available administrative remedies prior to filing this suit.  Plaintiff failed to file a
grievance challenging the September 20002 conduct of the named Defendants.  The only
grievance that Plaintiff filed simply requested a review relating to calling a witness at his
disciplinary hearing.

Plaintiff has failed to oppose the motion.  Because Defendants have come forward with
evidence that shows that Plaintiff has failed to exhaust his administrative remedies, this action
must be dismissed.  See 42 U.S.C. § 1997e(a); Porter, 534 U.S. at 524; Booth, 532 U.S. at 739-
41; Wyatt, 315 F.3d at 1119-20.

5

1    Accordingly, IT IS HEREBY ORDERED that Defendants' motion to dismiss is

2  GRANTED and this action is dismissed without prejudice.  The Clerk is directed to close this

3  case.

4

5  IT IS SO ORDERED.

6  **Dated:    March 29, 2006    **            **          /s/ Anthony W. Ishii        **
   0m8i78                              UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                   6